IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.   ) | Cr. No. 08-20019-STA-tmp |
| ) | |
| MICHAEL JONES,   ) | |
| ) | |
| Defendant.   ) | |

---

ORDER AFFIRMING THE MAGISTRATE JUDGE'S RELEASE ORDER

---

Before the Court is the government's Notice of Appeal from the Magistrate Judge's release order (D.E. # 21) filed on January 14, 2010. The Court conducted a hearing on the Motion on February 17, 2010. For the reasons set forth below, the Magistrate Judge's Order is **AFFIRMED**.

## BACKGROUND

On January 30, 2008, Defendant was charged with one count of being a convicted felon in possession of a firearm in violation of 28 U.S.C. § 922(g). The United States argues that the Magistrate Judge erroneously granted Defendant release pending trial. According to the government, Defendant eluded authorities after his indictment and was not arrested until January 8, 2010. The United States points out that the Court held three separate Fugitive Report Dates in this case: August 21, 2008, February 19, 2009, and August 27, 2009. The government requests that Defendant be detained pending trial because he is a flight risk and a danger to the community.

1

At the hearing on the government's appeal, the Court received testimony from law enforcement officers who had sought Defendant in connection with this charge.  Detective Michael Pierce ("Det. Pierce") of the Memphis Police Department testified that Defendant was initially arrested on September 27, 2007.  Defendant and an accomplice were armed, and a security officer observed Defendant attempting to load a weapon.  At the time of his arrest, it was determined that Defendant had a prior felony conviction.  According to Det. Pierce, Defendant made the statement to authorities that he was going to be very hard to find.  Following Defendant's indictment in this case, the police were unable to locate him.  The arrest ticket listed Defendant's home address as 4590 Andrew Crossing Drive, Memphis, Tennessee.  A neighbor at Defendant's home address informed officers that Defendant had been gone a couple of weeks.  Defendant's Tennessee identification listed his address as 3555 Bishop Gate, Memphis, Tennessee.  Det. Pierce testified that officers also sought Defendant at his sister Robin Jones' ("Jones") address.  Defendant was not there, and Jones informed the police that if Defendant was running, there was not much she could do.

The police sought Defendant at other locations where Defendant might be found listed in their database, including Chicago and Wisconsin.  Investigators discovered that Defendant had been to the Raleigh Springs Mall in Memphis where he had an issue over a telephone.  The police were able to trace the telephone information to the address of Charlene Spikes ("Spikes"), a woman whom the authorities later learned was Defendant's girlfriend.  According to records from Memphis Light, Gas & Water, Spikes was the account holder at an Oak Branch Circle address as of March 2009.  Det. Pierce testified that he went to Spikes' home more than twenty times seeking Defendant.  Shelby County Sheriffs deputies also made attempts to contact

Defendant at Spikes' residence. Spike advised the police that she lived alone and that no males lived there with her despite the fact that the police observed male's clothing in the home. Defendant was finally apprehended in January 2010.

On cross-examination, Det. Pierce admitted that Defendant had never physically run from an officer. The state charge on which Defendant was originally arrested was ultimately dismissed. Det. Pierce did state that officers had informed Jones, Defendant's sister that Defendant had an outstanding warrant.

Defendant called two witnesses at the hearing on the government's appeal. Another sister of Defendant, Ida Miles ("Miles") testified that she would assist Defendant and that he could live with her if the Court granted him bond. Spikes also testified on behalf of Defendant and stated that she had a new address in Bartlett, has telephone service, and two vehicles. Spikes indicated that Defendant possessed a valid drivers license and recently lost his job at Ledbetter Foods.

During the parties' arguments, Defendant stated that he was not aware that anyone was looking for him. In response, the government argued that the § 3142(g) factors weighed in favor of detention. The weight of the evidence against Defendant on the § 922(g) charge, his limited ties to the community, the fact that ten of his thirteen children reside in Wisconsin or Illinois, and the fact that he has an outstanding warrant in Illinois all suggest that Defendant is a flight risk. As for the testimony of Spikes, the fact that she has a home and transportation is irrelevant because she told authorities that Defendant does not live there. Therefore, the government asked the Court to reverse the Magistrate Judge's Order Setting Conditions of Release.

## ANALYSIS

The judicial officer shall order the detention of a defendant pending trial if, after a hearing, the officer determines that no conditions will reasonably assure the appearance of the defendant.[1]  The United States Magistrate Judge entered a release order in this case on January 13, 2010.  The Magistrate Judge set bond in the amount of $20,000, to be secured by a ten percent cash deposit payable to the Clerk of Court as well as other conditions of release.

The Court has authority to review a release order pursuant to 18 U.S.C. § 3145(a), which states in relevant part that

> If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release. . . . The motion shall be determined promptly.[2]

Pursuant to § 3142(g), the factors to be considered at the detention hearing include: the nature and circumstances of the offense charged; the weight of the evidence against the person; the history and characteristics of the person, including family ties, the person's character, ties to the community, and criminal conduct; and the nature and seriousness of the danger posed by the defendant's release.

Having heard the arguments of counsel and reviewed the Magistrate Judge's Order of Detention *de novo*, the Court affirms the Magistrate Judge's determination that a combination of conditions of release will reasonably assure the appearance of Defendant as required and the

---

[1] 18 U.S.C. § 3142(e).

[2] 18 U.S.C. § 3145(a)(1).

safety of any other person and the community.  Defendant's history and characteristics favor his release under the combination of conditions adopted in the Magistrate Judge's Order.  Defendant has lived in Memphis since 2004 and resided at his current address with three of his children since December 2007 even though there is evidence that Defendant may have resided at other places.  Defendant has maintained a job up until January 6, 2010.  Most importantly, it is not clear that Defendant was attempting to avoid capture or even knew that there were charges against him pending since January 2008.  Defendant does have a lengthy criminal history and some indication of substance abuse, both factors in favor of detention.  However, the Court is satisfied that the combination of conditions set forth in the Magistrate Judge's Order will reasonably assure Defendant's appearance as well as the safety of the community.  Therefore, the Court affirms the Magistrate Judge's release order.

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: February 26th, 2010.